# Motion
# Exhibit 1

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division**

| | |
|---|---|
| SERGEY KANTSEVOY, | Civil Action No. 17-cv-359 (ELH) |
| Plaintiff, | |
| v. | LUMENR LLC'S MOTION TO COMPEL |
| LUMENR LLC, | |
| Defendant & Counterclaim Plaintiff. | |

**LUMENR LLC'S FIRST MOTION TO COMPEL**

Pursuant to Rules 34 and 37 of the Federal Rules of Civil Procedure, and Local Rule 104.8 of the U.S. District Court of Maryland Local Rules, Defendant LumenR LLC ("LumenR"), hereby serves its first motion to compel on Plaintiff Sergey Kantsevoy ("Kantsevoy"). LumenR's motion to compel addresses Kantsevoy's failure to produce all relevant and responsive documents and information within his possession, custody, or control. Thus, unless Kantsevoy fully addresses the points presented below to LumenR's satisfaction, LumenR will file this motion, asking the Court to issue an order requiring Kantsevoy: (i) to fully respond to LumenR's document requests within seven calendar days of the Court's ruling on the motion; and (ii) to pay the cost and fees LumenR incurred in bringing this motion.

The motion is supported by a memorandum which includes exhibits attached thereto. LumenR respectfully requests an oral hearing on this motion.

Respectfully submitted,

June 2, 2017                                  /s/ *Paul D. Ackerman*
                                             **Edward Colbert** (Md. Bar No. 05447)
                                             Andrews Kurth Kenyon LLP
                                             1350 I Street, NW
                                             Suite 1100
                                             Washington DC 2005
                                             Ph. 202.662.2766
                                             Fax 202.662.2739
                                             edwardcolbert@andrewskurth.com

                                             **Gary Abelev** (*pro hac vice* 806622)
                                             **Paul D. Ackerman** (*pro hac vice* 806621)
                                             Andrews Kurth Kenyon LLP
                                             450 Lexington Avenue
                                             New York, New York 10017
                                             Ph. 212.850.2800
                                             Fax 212.850.2929
                                             garyabelev@andrewskurth.com
                                             paulackerman@andrewskurth.com

                                             **COUNSEL FOR LUMENR, LLC**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Northern Division**

| | |
|---|---|
| SERGEY KANTSEVOY, | Civil Action No. 17-cv-359 (ELH) |
| Plaintiff, | |
| v. | LUMENR LLC'S FIRST MOTION TO COMPEL |
| LUMENR LLC, | |
| Defendant & Counterclaim Plaintiff. | |

**MEMORANDUM IN SUPPORT OF DEFENDANT LUMENR LLC'S**
**FIRST MOTION TO COMPEL**

Pursuant to Rules 34 and 37 of the Federal Rules of Civil Procedure, and Local Rule 104.8 of the U.S. District Court of Maryland Local Rules, Defendant LumenR LLC ("LumenR"), hereby serves its motion to compel on Plaintiff Sergey Kantsevoy ("Kantsevoy").

## I. BACKGROUND

On March 27, 2017, LumenR served its first set of document requests 1-16.  Kantsevoy provided written responses to LumenR's requests on April 25, 2017 (Exhibit 1) and provided an initial production of documents on April 26, 2017.  For eight of the sixteen requests propounded by LumenR (Requests Nos. 2, 3, 4, 5, 7, 9, 10, and 11) Kantsevoy indicated that it would produce documents but that "Dr. Kantsevoy will not be producing irrelevant medical information of third parties in response to this Request."  For Request No. 13, Kantsevoy indicated that, based upon his objections, "Dr. Kantsevoy will not produce documents in response to this Request."

On May 25, 2017, counsel for LumenR sent an email to counsel for Kantsevoy noting a number of problems with its objections and deficiencies in its production.[1]  (Exhibit 2). Specifically, LumenR noted that:

> For many of the document requests, Kantsevoy objects and responds that he will not produce any "irrelevant medical information."  While there may be justification for redacting information that may implicate HIPPA obligations, the inclusion of medical information does not render otherwise responsive documents "irrelevant," and does not provide a legitimate basis for withholding these documents.  Based on our review of the production, it appears that Kantsevoy may have withheld all responsive documents that included medical information.  <u>Please let us know if this is the case</u>.  To be clear, LumenR's position is that otherwise responsive documents should be produced, even if in

---

[1] Within an hour of receiving LumenR's email complaining about Kantsevoy's production, counsel for Kantsevoy sent a link to Kantsevoy's second production of documents which included an additional 16,000 pages of documents that were not produced previously.  This later production still does not resolve this dispute.

redacted form.

(Exhibit 2)

Responsive documents to LumenR's requests would include documents such as reports on procedures performed by Dr. Kantsevoy, Dr. Kantsevoy's notes on procedures, completed evaluation forms reporting clinical trial procedures, and the like.  No documents of this sort were produced in Kantsevoy's first production of documents.

The parties held a meet and confer on this issue on Tuesday, May 30, 2017.  During this telephonic meeting, counsel for Kantsevoy confirmed that it was in possession of responsive documents but was withholding such documents based on its stated objections to producing documents that included "irrelevant medical information."  In response to the suggestion from LumenR's counsel that personally identifying information be redacted from the documents, and the responsive documents produced in redacted form, Kantsevoy's counsel indicated that it believed that this task was unduly burdensome and would stand by its objections rather than produce the withheld documents.  (Counsel for LumenR did not indicate the volume of documents withheld or how much information would need to be redacted.)

The requested documents are relevant to the parties claims and defenses in this action.  For example, Dr. Kantsevoy claims to be entitled to vast compensation for work he allegedly performed on LumenR's behalf.  The withheld documents may be directly relevant to the scope of Dr. Kantsevoy's alleged performance.  LumenR's counterclaims include a claim that Dr. Kantsevoy is improperly withholding evaluation forms from clinical trial testing that was allegedly conducted by Dr. Kantsevoy.  The withheld documents may include such evaluation forms, or confirm that Dr. Kantsevoy did not actually complete such forms.

For the reasons detailed below, Dr. Kantsevoy should be compelled to produce all

responsive documents to LumenR's Requests Nos. 2, 3, 4, 5, 7, 9, 10, 11, and 13.

## II.     ARGUMENT

### A.     Kantsevoy should be compelled to produce all responsive documents to LumenR's Document Requests Nos. 2, 3, 4, 5, 7, 9, 10, and 11

For each of requests 2, 3, 4, 5, 7, 9, 10, and 11, the issue is the same.  Kantsevoy objected

stating that "Dr. Kantsevoy will not be producing irrelevant medical information of third parties in

response to this Request."  Rather than redact out information that Kantsevoy unilaterally

considered "irrelevant medical information of third parties" from otherwise relevant and

responsive documents, Kantsevoy simply elected to withhold such documents.

Each request, along with Kantsevoy's response, is found in Kantsevoy's responses,

appended hereto as Exhibit 1.  Request No. 2, which is set forth below along with Kantsevoy's

response, is representative:

### Request No. 2:

All documents and things referring or related to any alleged agreement, or any
terms considered or contemplated in any agreement, between You and LumenR.

### Objections and Response No. 2:

Dr. Kantsevoy objects to the extent that this Request seeks information protected
by the attorney-client privilege, the attorney work-product doctrine, or any other
applicable privileges, doctrines, immunities, or protections.  Dr. Kantsevoy objects
the Request to the extent that it seeks disclosure of irrelevant medical information
of third parties and/or may be subject to confidentiality agreements with Dr.
Kantsevoy's patients or privacy regulation under HIPAA and other relevant law.

Subject to and without waiving its General and Specific Objections, Dr. Kantsevoy
will undertake a reasonable search for and will produce non-privileged and/or
non-protected copies of documents or electronically stored information responsive
to this Request.  **Dr. Kantsevoy will not be producing irrelevant medical
information of third parties in response to this Request.**  (Emphasis added).

The documents sought by Request No. 2 go to the very heart of Dr. Kantsevoy's claims, so there is no colorable argument that documents within the scope of this request are not properly discoverable.  Yet, Kantsevoy's counsel confirmed that Kantsevoy is withholding responsive documents based on his objection.  Kantsevoy cannot properly withhold otherwise relevant and responsive documents based on his unilateral determination that they include information that may be irrelevant or implicate patient privacy or HIPAA obligations.  Instead, Dr. Kantsevoy should be compelled to produce all relevant and responsive documents with any patient identifying information redacted from the documents.

Since the issue is identical for requests 3, 4, 5, 7, 9, 10 and 11, LumenR has not reproduced each request and response in the body of this motion.  As can be seen in Exhibit 1, however, Kantsevoy imposes the identical objection to each of these requests, and is admittedly in possession of responsive documents which are being improperly withheld on the basis of this objection.

Kantsevoy should be compelled to produce all responsive documents to LumenR's Requests Nos. 2, 3, 4, 5, 7, 9, 10, and 11, even if in redacted form.


**B.      Kantsevoy should be compelled to produce all responsive documents to LumenR's Request No. 13.**

With respect to Request No. 13, the issue is related, but more pronounced.  Dr. Kantsevoy objected to this request and expressly indicated that he would not produce any responsive documents based on his objections.

The request and Kantsevoy's objections are as follows:

**Request No. 13:**

All documents to, from, or related to the institutional review board at Mercy Medical Center regarding LumenR or the LumenR product.

**Objections and Response No. 13:**

Dr. Kantsevoy objects to the extent that this Request seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges, doctrines, immunities, or protections.  Dr. Kantsevoy objects to the Request to the extent that it seeks information irrelevant to the claims and defenses at issue in this case, including LumenR's unclean hands defense because LumenR does not allege any injury to itself from the purported improper disclosures by Dr. Kantsevoy, and therefore has been interposed for the improper purpose of harassment.  Dr. Kantsevoy objects the Request to the extent that it seeks disclosure of irrelevant medical information of third parties and/or may be subject to confidentiality agreements with Dr. Kantsevoy's patients or privacy regulation under HIPAA and other relevant law.

**Based on the foregoing General and Specific Objections, Dr. Kantsevoy will not produce documents in response to this Request**.  (Emphasis added).

LumenR's Request No. 13 seeks information that is directly related to the parties' claims and defenses.  Dr. Kantsevoy's claims include both contract and quasi-contract theories that he is entitled to a vast award of equity due to his allegedly significant contributions to LumenR.  This would necessarily include the clinical trial work that he was conducting with the LumenR device at Mercy Hospital.  Documents to or from the Mercy Hospital Institutional Review Board (IRB) are directly relevant to Kantsevoy's alleged performance.  Moreover, any documents to or from the IRB relating to Kantsevoy's financial conflicts are directly related to LumenR's defenses in this action.

Accordingly, Kantsevoy should be compelled to produce all documents responsive to LumenR's document Request No. 13, even if in redacted form to remove personally identifying medical information.

C.    **Kantsevoy should be ordered to pay LumenR's reasonable expenses incurred in making this motion.**

Rule 37(a)(5) provides that if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitates the motion…to pay the movant's reasonable expenses incurred in making the motion."  Fed. R. Civ.

P. 37 (a)(5).  Since the motion was brought by LumenR after attempting in good faith to obtain the requested disclosure, the non-disclosure by Kantsevoy is not substantially justified, and no other circumstances make an award of these expenses unjust, the exceptions to an award of expenses set forth in Rule 37(a)(5) subsections (i), (ii) and (iii) are inapplicable.  Thus, upon granting LumenR's motion, an award of LumenR's reasonable expenses incurred in making the motion is proper.

## III.   CONCLUSION

For the foregoing reasons, LumenR respectfully moves for an order (i) compelling Kantsevoy to produce all responsive documents to its Requests Nos. 2, 3, 4, 5, 7, 9, 10, 11 and 13 within seven days of this Court's order and (ii) to pay LumenR its reasonable expenses incurred in making this motion.

Respectfully submitted,

June 2, 2017

/s/ *Paul D. Ackerman*

**Edward Colbert** (Md. Bar No. 05447)
Andrews Kurth Kenyon LLP
1350 I Street, NW
Suite 1100
Washington DC 2005
Ph. 202.662.2766
Fax 202.662.2739
edwardcolbert@andrewskurth.com

**Gary Abelev** (*pro hac vice* 806622)
**Paul D. Ackerman** (*pro hac vice* 806621)
Andrews Kurth Kenyon LLP
450 Lexington Avenue
New York, New York 10017
Ph. 212.850.2800
Fax 212.850.2929
garyabelev@andrewskurth.com

paulackerman@andrewskurth.com

**COUNSEL FOR LUMENR, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 2nd day of June, 2017, the attached **LUMENR LLC'S FIRST**

**MOTION TO COMPEL** and **MEMORANDUM IN SUPPORT OF DEFENDANT**

**LUMENR LLC'S FIRST MOTION TO COMPEL** was served on counsel of record for Sergey

Kantsevoy via email.

<u>/s/ Paul D. Ackerman</u>

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

SERGEY KANTSEVOY,

               *Plaintiff/Counterclaim-Defendant,*

v.

LUMENR LLC,

               *Defendant/Counterclaimant.*

Civil Action No. 17-359 (ELH)

## PLAINTIFF/COUNTERCLAIM-DEFENDANT'S OBJECTIONS AND RESPONSES TO DEFENDANT/COUNTERCLAIMANT'S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS

TO:    LumenR LLC, by and through its counsel of record, Edward Colbert, Gary Abelev, Paul D. Ackerman, Andrews Kurth Kenyon LLP, 1350 I Street, NW, Suite 1100, Washington DC 2005 and 450 Lexington Avenue, New York, NY 10017

Pursuant to Fed. R. Civ. P. 34 and L.R. 104, Plaintiff/Counterclaim-Defendant Sergey Kantsevoy, M.D. provides the following objections to Defendant/Counterclaimant LumenR LLC ("LumenR") first set of requests for documents and things ("Requests").

These objections and responses are based on Dr. Kantsevoy's present knowledge, information, and belief, so they are subject to modification based on further discovery, or on facts or circumstances that may come to Dr. Kantsevoy's knowledge. Accordingly, Dr. Kantsevoy reserves his right to provide additional objections to the Requests and to supplement his responses to them. Nothing contained in these objections or responses is an admission by Dr. Kantsevoy concerning the existence or nonexistence of any information. Similarly, no objection or response shall be construed as an admission regarding either the relevance or admissibility of any information or documents, or the truth or accuracy of any statement in LumenR's Responses.

## GENERAL OBJECTIONS

In addition to expressly preserving any objection regarding competency, relevancy, materiality, privilege, and admissibility of document (or information contained therein) produced in response to the Requests, Dr. Kantsevoy responds to the Interrogatories subject to the following General Objections, each of which is incorporated into every response:

1.      Dr. Kantsevoy objects to the Requests to the extent that they seek discovery of information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges, doctrines, immunities, or protections. Any production of privileged or otherwise protected documents is inadvertent, and it will not constitute a waiver of any claim of privilege or other protection. Dr. Kantsevoy reserves the right to obtain the return of inadvertently produced information (or document containing such information) and to prohibit its use in any manner in accordance with the Federal Rules of Civil Procedure, the Local Civil Rules, and the Stipulated Protective Order (Dkt. No. 22) entered by the Court on March 21, 2017.

2.      Dr. Kantsevoy objects to the Requests to the extent they seek to impose obligations in excess of those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules, such as by seeking information outside Dr. Kantsevoy's possession, custody, or control. Dr. Kantsevoy also objects to the Requests to the extent they are unduly burdensome and are not relevant to any claims or defenses. When responding to the Requests, Dr. Kantsevoy will conduct a reasonable investigation of sources within its control where he reasonably believes responsive information or documents may exist.

3.      Dr. Kantsevoy objects to the Requests to the extent that they seek information that contains or otherwise reveals any trade secrets, proprietary or sensitive business or commercial

2

information, strategic planning information, or other private, confidential information. Dr. Kantsevoy will produce such information only in accordance with the Stipulated Protective Order (Dkt. No. 22) entered by the Court on March 21, 2017.  Furthermore, Dr. Kantsevoy objects the Requests to the extent that they seek disclosure of irrelevant medical information of third parties and/or may be subject to confidentiality agreements with Dr. Kantsevoy's patients or privacy regulation under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and other relevant law.

4.    Dr. Kantsevoy objects to the Requests to the extent that they seek information regarding representations about his financial interest in LumenR.  Any such Request is irrelevant to the claims and defenses in this case, including LumenR's unclean hands defense and its deceit claim, because LumenR does not allege to have been harmed by any purported improper disclosure by Dr. Kantsevoy. *See, e.g., Pediamed Pharm., Inc. v. Breckenridge Pharm., Inc.*, 419 F. Supp. 2d 715, 728 (D. Md. 2006) ("The Fourth Circuit has made clear that in order to use the unclean hands defense, Defendants must show they were injured by Plaintiff's conduct."); *Nails v. S & R, Inc.*, 334 Md. 398, 415, 639 A.2d 660, 668 (1994) (finding that a plaintiff must prove that it "suffered compensable injury resulting from the misrepresentation" in order to recover damages on an action for fraud or deceit).  Thus, any such Requests has been interposed for the improper purpose of harassment.

5.    Dr. Kantsevoy objects to the Requests to the extent that they seek documents dating prior to May 1, 2010 as unduly burdensome.  Unless otherwise specified, Dr. Kantsevoy's will not search for or produce documents predating May 1, 2010 Dr. Kantsevoy first met Dr. Piskun in May 2010 during Digestive Disease Week.

6.      Dr. Kantsevoy objects to the Instructions included in the Requests to the extent that any Instruction demands production of documents or privilege logs in forms more burdensome than those required under the Federal Rules of Civil procedure or the Local Civil Rules.

## SPECIFIC OBJECTIONS

Dr. Kantsevoy offers the following specific objections to LumenR's First Set of Interrogatories:

### Request No. 1:

All documents and things identified in Your complaint or that support or refute any allegations made in Your complaint.

### Objections and Response No. 1:

Dr. Kantsevoy objects to the extent that this Request seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges, doctrines, immunities, or protections.  Dr. Kantsevoy objects to this Interrogatory as premature to the extent that it seeks expert disclosures, which will be made in accordance with the Federal Rules of Civil Procedure, the Local Civil Rules, and the Scheduling Order.  Dr. Kantsevoy objects the Request to the extent that it seeks disclosure of irrelevant medical information of third parties and/or may be subject to confidentiality agreements with Dr. Kantsevoy's patients or privacy regulation under HIPAA and other relevant law.

Subject to and without waiving its General and Specific Objections, Dr. Kantsevoy will undertake a reasonable search for and will produce non-privileged and/or non-protected copies of documents or electronically stored information responsive to this Request.

### Request No. 2:

All documents and things referring or related to any alleged agreement, or any terms considered or contemplated in any agreement, between You and LumenR.

4

**Objections and Response No. 2:**

Dr. Kantsevoy objects to the extent that this Request seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges, doctrines, immunities, or protections. Dr. Kantsevoy objects the Request to the extent that it seeks disclosure of irrelevant medical information of third parties and/or may be subject to confidentiality agreements with Dr. Kantsevoy's patients or privacy regulation under HIPAA and other relevant law.

Subject to and without waiving its General and Specific Objections, Dr. Kantsevoy will undertake a reasonable search for and will produce non-privileged and/or non-protected copies of documents or electronically stored information responsive to this Request. Dr. Kantsevoy will not be producing irrelevant medical information of third parties in response to this Request.

**Request No. 3:**

All documents and things reflecting any communications between You and Dr. Gregory Piskun from May 2010 to the present.

**Objections and Response No. 3:**

Dr. Kantsevoy objects to the extent that this Request seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges, doctrines, immunities, or protections. Dr. Kantsevoy objects the Request to the extent that it seeks disclosure of irrelevant medical information of third parties and/or may be subject to confidentiality agreements with Dr. Kantsevoy's patients or privacy regulation under HIPAA and other relevant law.

Subject to and without waiving its General and Specific Objections, Dr. Kantsevoy will undertake a reasonable search for and will produce non-privileged and/or non-protected copies of

documents or electronically stored information responsive to this Request. Dr. Kantsevoy will

not be producing irrelevant medical information of third parties in response to this Request.

**Request No. 4:**

All documents and things referring to or related to any contribution You allegedly made to any
LumenR Product or any invention made in connection with the LumenR Product.

**Objections and Response No. 4:**

Dr. Kantsevoy objects to the extent that this Request seeks information protected by the

attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges,

doctrines, immunities, or protections. Dr. Kantsevoy objects that the use of the term "allegedly"

renders this Interrogatory vague and incomprehensible because there is no dispute that he made

contributions in connection with the development, commercialization, and marketing of the

Tissue Retractor. Dr. Kantsevoy objects to this Interrogatory as premature to the extent that it

seeks expert disclosures, which will be made in accordance with the Federal Rules of Civil

Procedure, the Local Civil Rules, and the Scheduling Order. Dr. Kantsevoy objects to the

Request to the extent that it seeks information irrelevant to the claims and defenses at issue in

this case, including without limitation the completed clinical trial data sheets from the human

studies that Dr. Kantsevoy admits were not provided to LumenR, and therefore has been

interposed for the improper purpose of harassment. Dr. Kantsevoy objects the Request to the

extent that it seeks disclosure of irrelevant medical information of third parties and/or may be

subject to confidentiality agreements with Dr. Kantsevoy's patients or privacy regulation under

HIPAA and other relevant law.

Subject to and without waiving its General and Specific Objections, Dr. Kantsevoy will

undertake a reasonable search for and will produce non-privileged and/or non-protected copies of

documents or electronically stored information responsive to this Request.  Dr. Kantsevoy will

not be producing irrelevant medical information of third parties in response to this Request.

**Request No. 5:**

All documents and things related to any testing, product evaluations, or clinical trials, conducted
by You, and/or at your direction, related to the LumenR Product, including but not limited to,
animal testing and clinical testing on human subjects.

**Objections and Response No. 5:**

Dr. Kantsevoy objects to the extent that this Request seeks information protected by the

attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges,

doctrines, immunities, or protections.  Dr. Kantsevoy objects to this Interrogatory as premature

to the extent that it seeks expert disclosures, which will be made in accordance with the Federal

Rules of Civil Procedure, the Local Civil Rules, and the Scheduling Order.  Dr. Kantsevoy

objects to the Request to the extent that it seeks information irrelevant to the claims and defenses

at issue in this case, including without limitation the completed clinical trial data sheets from the

human studies that Dr. Kantsevoy admits were not provided to LumenR, and therefore has been

interposed for the improper purpose of harassment.  Dr. Kantsevoy objects the Request to the

extent that it seeks disclosure of irrelevant medical information of third parties and/or may be

subject to confidentiality agreements with Dr. Kantsevoy's patients or privacy regulation under

HIPAA and other relevant law.

Subject to and without waiving its General and Specific Objections, Dr. Kantsevoy will

undertake a reasonable search for and will produce non-privileged and/or non-protected copies of

documents or electronically stored information responsive to this Request.  Dr. Kantsevoy will

not be producing irrelevant medical information of third parties in response to this Request.

**Request No. 6:**

All documents and things comprising, reflecting or referring to any communications between You and any third party, including, but not limited to, the Olympus Corporation and The Boston Scientific Corporation and any employees thereof, that refer or relate to, LumenR, the LumenR Product, or Dr. Gregory Piskun.

**Objections and Response No. 6:**

Dr. Kantsevoy objects to the extent that this Request seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges, doctrines, immunities, or protections.

Subject to and without waiving its General and Specific Objections, Dr. Kantsevoy will undertake a reasonable search for and will produce non-privileged and/or non-protected copies of documents or electronically stored information responsive to this Request.

**Request No. 7:**

All documents and things referring to or related to LumenR or Dr. Piskun.

**Objections and Response No. 7:**

Dr. Kantsevoy objects to the extent that this Request seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges, doctrines, immunities, or protections. Dr. Kantsevoy objects to the Request to the extent that it seeks information irrelevant to the claims and defenses at issue in this case, including without limitation the completed clinical trial data sheets from the human studies that Dr. Kantsevoy admits were not provided to LumenR, and therefore has been interposed for the improper purpose of harassment. Dr. Kantsevoy objects the Request to the extent that it seeks disclosure of irrelevant medical information of third parties and/or may be subject to confidentiality agreements with Dr. Kantsevoy's patients or privacy regulation under HIPAA and other relevant law.

Subject to and without waiving its General and Specific Objections, Dr. Kantsevoy will undertake a reasonable search for and will produce non-privileged and/or non-protected copies of documents or electronically stored information responsive to this Request. Dr. Kantsevoy will not be producing irrelevant medical information of third parties in response to this Request.

**Request No. 8:**

All documents related to any payment or compensation You or SAS Advisors LLC requested and/or received for services You allegedly provided to and/or for LumenR.

**Objections and Response No. 8:**

Dr. Kantsevoy objects to the extent that this Request seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges, doctrines, immunities, or protections. Dr. Kantsevoy objects that the use of the term "allegedly" renders this Interrogatory vague and incomprehensible because there is no dispute that he provided services to LumenR. Dr. Kantsevoy objects to the Request to the extent that it seeks information irrelevant to the claims and defenses at issue in this case, including without limitation the completed clinical trial data sheets from the human studies that Dr. Kantsevoy admits were not provided to LumenR, and therefore has been interposed for the improper purpose of harassment. Dr. Kantsevoy objects the Request to the extent that it seeks disclosure of irrelevant medical information of third parties and/or may be subject to confidentiality agreements with Dr. Kantsevoy's patients or privacy regulation under HIPAA and other relevant law.

Subject to and without waiving its General and Specific Objections, Dr. Kantsevoy will undertake a reasonable search for and will produce non-privileged and/or non-protected copies of documents or electronically stored information responsive to this Request.

**Request No. 9:**

All documents and things between You and any third party, including but not limited to HET Systems L.L.C., Visualization Balloons, LLC, Mercy Hospital and Apollo Endosurgery, Inc., that refer or relate to any product evaluation, product development, pre-clinical trial testing, clinical trial testing, or other consulting services rendered by You for or on behalf of such entities, including any compensation or other consideration (including equity, options, non-cash consideration and the like) provided to You, or agreed to be provided to You, by such entities.

**Objections and Response No. 9:**

Dr. Kantsevoy objects to the extent that this Request seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges, doctrines, immunities, or protections. Dr. Kantsevoy objects the Request to the extent that it seeks disclosure of irrelevant medical information of third parties and/or may be subject to confidentiality agreements with Dr. Kantsevoy's patients or privacy regulation under HIPAA and other relevant law.

Subject to and without waiving its General and Specific Objections, Dr. Kantsevoy will undertake a reasonable search for and will produce non-privileged and/or non-protected copies of documents or electronically stored information responsive to this Request. Dr. Kantsevoy will not be producing irrelevant medical information of third parties in response to this Request.

**Request No. 10:**

All documents referring to or related to any disclosure of Your financial interest in, or conflict with, LumenR, including statements indicating that You have no financial interest in, or conflict with, LumenR.

**Objections and Response No. 10:**

Dr. Kantsevoy objects to the extent that this Request seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges, doctrines, immunities, or protections. Dr. Kantsevoy objects to the Request to the extent that it seeks information irrelevant to the claims and defenses at issue in this case, including LumenR's

deceit claim and its unclean hands defense because LumenR does not allege any injury from the purported improper disclosures by Dr. Kantsevoy, and therefore has been interposed for the improper purpose of harassment. Dr. Kantsevoy objects the Request to the extent that it seeks disclosure of irrelevant medical information of third parties and/or may be subject to confidentiality agreements with Dr. Kantsevoy's patients or privacy regulation under HIPAA and other relevant law.

Based on the foregoing General and Specific Objections, Dr. Kantsevoy will not produce documents in response to this Request. Dr. Kantsevoy will not be producing irrelevant medical information of third parties in response to this Request.

**Request No. 11:**

All documents and things related to any presentations, training sessions, and discussions with potential investors allegedly conducted by You regarding LumenR, as alleged in paragraph 19 of the complaint.

**Objections and Response No. 11:**

Dr. Kantsevoy objects to the extent that this Request seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges, doctrines, immunities, or protections. Dr. Kantsevoy objects that the use of the term "allegedly" renders this Interrogatory vague and incomprehensible because there is no dispute that he conducted presentations, training sessions, and discussions regarding LumenR to potential investors. Dr. Kantsevoy objects the Request to the extent that it seeks disclosure of irrelevant medical information of third parties and/or may be subject to confidentiality agreements with Dr. Kantsevoy's patients or privacy regulation under HIPAA and other relevant law.

Subject to and without waiving its General and Specific Objections, Dr. Kantsevoy will undertake a reasonable search for and will produce non-privileged and/or non-protected copies of

documents or electronically stored information responsive to this Request. Dr. Kantsevoy will

not be producing irrelevant medical information of third parties in response to this Request.

**Request No. 12:**

All documents and things tending to support or refute Your allegations in paragraph 59 of Your
answer to LumenR's counterclaims that "LumenR told Dr. Kantsevoy that it would not accept
him as an investor or offer him a written contract in order to preserve his ability to truthfully
assert that he had no conflicts of interest with LumenR at the time he made such statements
because his ownership interest in LumenR would not vest until 'exit'—i.e., LumenR's
acquisition by a buyer."

**Objections and Response No. 12:**

Dr. Kantsevoy objects to the extent that this Request seeks information protected by the

attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges,

doctrines, immunities, or protections.

Subject to and without waiving its General and Specific Objections, Dr. Kantsevoy will

undertake a reasonable search for and will produce non-privileged and/or non-protected copies of

documents or electronically stored information responsive to this Request.

**Request No. 13:**

All documents to, from, or related to the institutional review board at Mercy Medical Center
regarding LumenR or the LumenR product.

**Objections and Response No. 13:**

Dr. Kantsevoy objects to the extent that this Request seeks information protected by the

attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges,

doctrines, immunities, or protections. Dr. Kantsevoy objects to the Request to the extent that it

seeks information irrelevant to the claims and defenses at issue in this case, including LumenR's

unclean hands defense because LumenR does not allege any injury to itself from the purported

improper disclosures by Dr. Kantsevoy, and therefore has been interposed for the improper

purpose of harassment. Dr. Kantsevoy objects the Request to the extent that it seeks disclosure

of irrelevant medical information of third parties and/or may be subject to confidentiality agreements with Dr. Kantsevoy's patients or privacy regulation under HIPAA and other relevant law.

Based on the foregoing General and Specific Objections, Dr. Kantsevoy will not produce documents in response to this Request.

**Request No. 14:**

All of Your and SAS Advisors, LLC's federal tax returns from 2010 to the present.

**Objections and Response No. 14:**

Dr. Kantsevoy objects to the extent that this Request seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges, doctrines, immunities, or protections. Dr. Kantsevoy objects to the Request to the extent that it seeks information irrelevant to the claims and defenses at issue in this case for two reasons. First, there is no allegation that Dr. Kantsevoy improperly benefitted financially from his association with LumenR. Second, even if there were such an allegation, the purported fact would have no effect on LumenR, given that LumenR does not claim to have been injured by any such improper financial benefit. Therefore, the Requests has been interposed for the improper purpose of harassment.

Based on the foregoing General and Specific Objections, Dr. Kantsevoy will not produce documents in response to this Request.

**Request No. 15:**

All documents and things referred to, reviewed or considered in preparing Your responses to LumenR's First Set of Interrogatories.

**Objections and Response No. 15:**

Dr. Kantsevoy objects to the extent that this Request seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges, doctrines, immunities, or protections.

Subject to and without waiving its General and Specific Objections, Dr. Kantsevoy will undertake a reasonable search for and will produce non-privileged and/or non-protected copies of documents or electronically stored information responsive to this Request.

**Request No. 16:**

All documents and things that refer to or relate to Your allegations that LumenR owes you any compensation or damages, including but not limited to, cash, non-cash consideration and equity in connection with the allegations in Your Complaint.

**Objections and Response No. 16:**

Dr. Kantsevoy objects to the extent that this Request seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges, doctrines, immunities, or protections.

Subject to and without waiving its General and Specific Objections, Dr. Kantsevoy will undertake a reasonable search for and will produce non-privileged and/or non-protected copies of documents or electronically stored information responsive to this Request.

14

Dated: April 25, 2017               /s/ Michael J. Scanlon

Jeffrey A. Wolfson (Bar. No. 18114)
jeff.wolfson@haynesboone.com
Philip G. Hampton, II (*pro hac vice* 806683)
phil.hampton@haynesboone.com
Michael J. Scanlon (*pro hac vice* 806538)
michael.scanlon@haynesboone.com
HAYNES AND BOONE, LLP
800 17th Street, NW, Suite 500
Washington, DC 20006
Telephone:    (202) 654-4500
Facsimile:    (202) 654-4245

*Attorneys for Plaintiff/Counterclaim-Defendant
Sergey Kantsevoy, M.D.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of April, 2017, I served the foregoing document via email on the following representatives of Defendant/Counterclaimant LumenR, LLC:

Edward Colbert (Md. Bar No. 05447)
Andrews Kurth Kenyon LLP
1350 I Street, NW
Suite 1100
Washington DC 2005
Ph. 202.662.2766
Fax 202.662.2739
edwardcolbert@andrewskurth.com

Gary Abelev (*pro hac vice* 806622)
Paul D. Ackerman (*pro hac vice* 806621)
Andrews Kurth Kenyon LLP
450 Lexington Avenue
New York, New York 10017
Ph. 212.850.2800
Fax 212.850.2929
garyabelev@andrewskurth.com
paulackerman@andrewskurth.com

/s/ Michael J. Scanlon
Michael J. Scanlon

# EXHIBIT 2

**Ackerman, Paul**

| | |
|---|---|
| **From:** | Ackerman, Paul |
| **Sent:** | Thursday, May 25, 2017 3:29 PM |
| **To:** | Scanlon, Michael (Michael.Scanlon@haynesboone.com); Hampton, Philip (Philip.Hampton@haynesboone.com) |
| **Cc:** | Colbert, Edward; Abelev, Gary; Miller, Gregory |
| **Subject:** | Kantesevoy v. LumenR - scheduling a meet and confer regarding Kantsevoy's document production |

Mike,

Having completed our review of Kantsevoy's responses to LumenR's document requests, and his document production, we have a number of concerns which are detailed below.

**Please let us know if you are available tomorrow or Tuesday morning for a telephone conference to meet and confer on these issues.** We apologize for the short notice for the requested meet and confer, especially on the eve of a holiday weekend, but if we cannot resolve these issues the deadline for LumenR to file a timely motion to compel is Tuesday.

**Global Issues:**

Kantsevoy's document production is limited to emails (with some corresponding attachments), and more specifically, to emails on which Dr. Piskun is either the sender, recipient or otherwise copied on the email. No other responsive documents have been produced, and LumenR has reason to believe that additional responsive documents are within the custody and control of Kantsevoy. For example, facsimiles, text messages, notes, reports, IRB submissions, and emails with third parties in which Dr. Piskun was not included as a sender or recipient, are all classes of documents that are likely responsive to LumenR's requests, but were not produced. Please confirm that Kantsevoy has conducted a reasonable search for these classes of documents, and that all responsive documents have been produced. Otherwise, please let us know when such documents will be produced.

For many of the document requests, Kantsevoy objects and responds that he will not produce any "irrelevant medical information." While there may be justification for redacting information that may implicate HIPPA obligations, the inclusion of medical information does not render otherwise responsive documents "irrelevant," and does not provide a legitimate basis for withholding these documents. Based on our review of the production, it appears that Kantsevoy may have withheld all responsive documents that included medical information. Please let us know if this is the case. To be clear, LumenR's position is that otherwise responsive documents should be produced, even if in redacted form.

**Request Specific Issues:**

We address deficiencies in Kantsevoy's specific responses to individual requests below:

**Request No. 5**

As noted above, Kantsevoy's production was limited to only emails on which Dr. Piskun was included as a sender or a recipient. However, this request would include within its scope various other types of documents, such as Dr. Kantsevoy's notes, his communications with the Mercy IRB, and communications with third parties such as Boston Scientific and Olympus, although not limited thereto, none of which were produced by Kantsevoy. Please confirm that Kantsevoy has conducted a reasonable search for these classes of documents, and that all responsive documents have been produced. Otherwise, please let us know when such documents will be produced.

**Request No. 6**

Again, Kantsevoy's production was limited to emails on which Dr. Piskun was included as a sender or a recipient. However, this request is expressly directed to third party communications, and would also include emails, text messages, facsimiles and the like, with third parties, whether or not Dr. Piskun was included in the communication. Please confirm that Kantsevoy has conducted a reasonable search for these classes of documents, and that all responsive documents have been produced. Otherwise, please let us know when such documents will be produced.

**Request No. 7**

This request broadly seeks all documents and things referring or related to LumenR or Dr. Piskun. This request would include a number of classes of documents beyond emails on which Dr. Piskun was included, such as notes, presentations, evaluation forms, communications with third parties and the like, yet no such documents were produced. Please confirm that Kantsevoy has conducted a reasonable search for these classes of documents and that all responsive documents have been produced. Otherwise, please let us know when such documents will be produced.

**Request No. 9.**

This request is expressly directed to documents between Kantsevoy and third parties. No documents were produced which concern, for example, Visualization Balloons, Mercy Hospital or Apollo Endosurgery. These documents are relevant and responsive to the claims and defenses in this action. Please confirm that Kantsevoy has conducted a reasonable search for these classes of documents, and that all responsive documents have been produced. Otherwise, please let us know when such documents will be produced.

**Request Nos. 10, 13, and 14:**

Kantsevoy's written responses to these document requests indicate that Kantsevoy will not produce documents responsive to these requests in view of his stated objections. Such responses are improper.

As an initial matter, Kantsevoy's objections that the information is irrelevant because LumenR purportedly did not allege any injury are incorrect. LumenR's defenses and counterclaims were properly pled, and while Kantsevoy's motion to dismiss is pending with the Court, there has been no ruling that LumenR's properly pled claims will be dismissed. Thus, the requested documents are relevant to the case at hand, and should be produced by Kantsevoy. Further, even if LumenR's deceit claim and unclean hands defense were dismissed, which is unlikely, the requested documents would still be relevant for the reasons presented below.

Request No. 10 is directed to Kantsevoy's reporting of financial interests or conflicts with LumenR. These documents are highly relevant to Kantsevoy's claims and LumenR's defenses and counterclaims. For example, Kantsevoy's statements that he had no financial interest in LumenR are relevant to Kantsevoy's contract claims and LumenR's (i) First Affirmative Defense, as they are evidence that there was no meeting of the minds between LumenR and Dr. Kantsevoy, and (ii) Third Counterclaim, as Dr. Kantsevoy's statements regarding his financial conflicts interfered with LumenR's lawful business at least by devaluing a contemplated transaction with third parties. Thus, there is no basis for withholding these documents.

Request No. 13 is directed to documents relating to the Mercy IRB and the LumenR product. This request is directly relevant to Kantsevoy's claims and LumenR's defenses and counterclaims. For example, Kantsevoy's statements to the Mercy IRB that he had no financial interest in LumenR are relevant to LumenR's (i) First Affirmative Defense, as they are evidence that there was no meeting of the minds between LumenR and Dr. Kantsevoy, and (ii) Third Counterclaim, as

Dr. Kantsevoy's statements regarding his financial conflicts interfered with LumenR's lawful business at least by devaluing a contemplated transaction with third parties. Thus, there is no basis for withholding these documents.

Request No. 14 is directed to federal tax returns for Kantsevoy and SAS advisors since 2010. These documents are relevant to the parties claims and defenses. For example, Dr. Kantsevoy has alleged and argued that due to his involvement with LumenR, he had to forego other opportunities, such as seeing patients at Mercy Hospital, and as a result he did not receive performance related compensation from Mercy Hospital. Such a change in compensation would be reflected in Dr. Kantsevoy's tax returns.

Please let us know if Kantsevoy intends to stand by its objections and continue to decline to produce responsive documents, or advise us when such documents will be produced.

**Conclusion:**

We appreciate your attention to these issues and look forward to working with you to resolve them.

Best,

Paul

**Paul D. Ackerman**
Partner

**ANDREWS KURTH KENYON LLP**
450 Lexington Avenue
New York, New York 10017
212.850.2858 Phone
212.813.8148 Fax
212.850.2842 Assistant Phone - Joseph Wigfall
PaulAckerman@andrewskurth.com
vCard | Bio | andrewskurth.com

3