# EXHIBIT F

REDACTED

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Northern Division**

---

SERGEY KANTSEVOY,

         *Plaintiff/Counterclaim-Defendant*,

v.

LUMENR LLC,

         *Defendant/Counterclaimant*.

Civil Action No. 17-359 (ELH)

REDACTED

---

**DR. SERGEY KANTSEVOY'S OPPOSITION**
**TO LUMENR LLC'S FIRST MOTION TO COMPEL**

Plaintiff/Counterclaim-Defendant Sergey Kantsevoy, M.D. hereby responds to Defendant/Counterclaimant LumenR LLC's ("**LumenR**") motion to compel ("**Motion to Compel**"), stating as follows:

I.     **INTRODUCTION**

LumenR is bent on obtaining a set of clinical trial data sheets that Dr. Kantsevoy completed but refuses to provide to LumenR, until that company lives up to its obligations under their June 12, 2010 contract.[1]  There are five million reasons why LumenR is bound and determined get its hands on those materials:  Boston Scientific Corporation ("**Boston Scientific**") will pay Redacted for those documents, even in highly redacted form.  But LumenR cannot use the discovery process to advance its business interests.  So the Court should deny LumenR's Motion to Compel, then issue a protective order either (i) specifying that Dr. Kantsevoy need not

---

[1]    Doc. 25-2, LumenR's FRCP 12(c) Mot., Ex. A ("If this is acceptable to you we would compensate your consulting time with $500/hour and $2500/day if need to spend a day on the company's business (meetings, labs, clinical studies, etc).  If it happens that you really excited about the technology and believe in its future, we can create an equity ownership package which may give a very substantial exit for you.").

produce the completed clinical trial data sheets in this case; or (ii) requiring LumenR to post bond equal to the amount its stands to gain from an inadvertent leak of the material.

## II.    BACKGROUND

### A.    Dr. Kantsevoy completes self-funded clinical studies of the LumenR medical device.

On June 12, 2010, LumenR's Chief Executive Officer, Gregory Piskun, M.D., approached Dr. Kantsevoy about joining the team developing a tissue retractor.  Doc. 25-2, LumenR's FRCP 12(c) Mot., Ex. A.  Dr. Piskun enticed Dr. Kantsevoy to help develop, commercialize, and market LumenR's medical device with the promise of set hourly or *per diem* wages and an equity interest in the company.  *Id.*

As part of his work on the device, Dr. Kantsevoy drafted a human study protocol for colon use of the LumenR medical device and submitted it to both Mercy Hospital's Institutional Review Board and the U.S. National Institutes of Health.  After the protocol was approved, he conducted the first three successful tests on humans in May 2013, and has since gone on to perform over fifty human procedures using the device.  Each of these patient studies was self-funded by Dr. Kantsevoy, and Dr. Kantsevoy completed human study evaluation forms in relation to those procedures.

### B.    LumenR enters a contract with Boston Scientific that provides LumenR with $5 million when it provides Boston Scientific with proof that the human clinical trials are completed.

On or about November 1, 2016, Boston Scientific and LumenR entered an asset purchase agreement wherein Boston Scientific obtained the medical device that Dr. Kantsevoy helped develop, commercialize, and market.  Under that asset purchase agreement, Boston Scientific paid ▮▮▮▮▮Redacted▮▮▮▮▮) to LumenR at closing for, *inter alia*, certain intellectual property relating to the medical device.

In addition, the contract sets up several milestone payments, including the "5-Clinical" one that requires Boston Scientific to pay ██Redacted██ when LumenR submits proof that the human clinical studies have been completed:

> The Company shall close down any outstanding clinical studies and deliver to Buyer a "close out" package containing the applicable protocol, applicable contracts, proof of closure of the IRB study and proof of last payments made where applicable.

Ex. 1, Asset Purchase Agreement, Ex. C.

**C.     LumenR seeks to obtain copies of completed clinical trial data sheets through discovery propounded in this case.**

On March 27, 2017, LumenR served its first set of requests for production of documents and things on Dr. Kantsevoy.  On April 25, 2017, Dr. Kantsevoy served his objections and responses to those request for production.  His objections made clear that he would not be providing the "completed clinical trial data sheets" referenced in paragraph 19 of LumenR's Counterclaim.  During the meet-and-confer process, the defense stated that, in order to expedite discovery, LumenR would accept highly redacted versions of documents, and its counsel would provide a narrowing reading to cut down on the costs of redacting and producing documents.

LumenR's counsel never narrowed the outstanding discovery requests.  And a review of the November 1, 2016 asset purchase agreement between Boston Scientific and LumenR indicates that LumenR could achieve the so-called "5-Clinical" milestone, if it provides Boston Scientific with redacted versions of the completed clinical trial data sheets.

## III.    ARGUMENT

### A.    The Court should find that Dr. Kantsevoy need not produce private medical information belonging to his patients in response to LumenR's Document Requests Nos. 2, 3, 4, 5, 7, 9, 10, and 11 because the probative value, if any, of that information is disproportional to the needs of the case.

The first section of LumenR's Motion to Compel addresses only Document Request No. 2.  Mem. in Supp. of Mot., p. 4.[2]  As LumenR admits, the only documents Dr. Kantsevoy refuses to produce in response to that discovery request are those containing private medical information belonging to his patients.  Therefore, the Court's analysis should focus on whether that private medical information is probative of, and proportional to, the factual dispute addressed in Request No. 2, which demands:  "All documents and things referring or related to any alleged agreement, or any terms considered or contemplated in any agreement, between You and LumenR."

LumenR insists that it needs access to third-party private medical information because Request No. 2 goes "to the very heart of Dr. Kantsevoy's claims . . . ."  But LumenR fails to explain how private medical information is relevant to Request No. 2 specifically.   Mem. in Supp. of Mot., p. 4.  And the names of Dr. Kantsevoy's patients, details concerning their clinical procedures, or any information about their medical history are unlikely to shed any light whatsoever on (i) whether there was an agreement between Dr. Kantsevoy and LumenR; or (ii) if

---

[2]    The Motion to Compel also alludes to Document Requests Nos. 3, 4, 5, 7, 9, 10, and 11.  But Local Rule 104.8(a) requires parties dissatisfied with a discovery response to include in the memorandum in support of their motion to compel "the discovery request, the response thereto, and the asserted basis for the insufficiency of the response."  L.R. 104.8(a).  LumenR refused to assert any specific basis for the purported insufficiency of Dr. Kantsevoy's responses to Requests Nos. 3, 4, 5, 7, 9, 10, and 11.  Thus, Dr. Kantsevoy has not thing to oppose here, and the Court should deny LumenR's Motion to Compel with respect to those requests.  Moreover, even if LumenR had filed a proper motion to compel under the Local Rules regarding Requests Nos. 3, 4, 5, 7, 9, 10, and 11, it would still fail for the reasons explained below.

so, what were the terms of that agreement.  Therefore, the private medical information LumenR demands is irrelevant to the factual issues actually addressed in Request No. 2.  So the Court should deny the Motion to Compel on that basis alone.

Moreover, even if the private medical information were somehow relevant, the Court should deny the Motion to Compel because LumenR's proposed discovery is disproportional to the needs of the case.  The law recognizes that individuals have a privacy interest in their medical information.  *See, e.g.*, 45 C.F.R. Pts. 160, 164.  And sensitive information produced by a party can leak, even if it is marked "confidential" or "highly confidential" under a protective order.  *See, e.g., Apple Inc. v. Samsung, Elecs. Co.*, No. CV 11-01846 LHK, 2013 WL 9768650, at *1-3 (N.D. Cal. Oct. 2, 2013) (dealing with counsel's disclosure of "outside counsels' eyes only" information to a direct competitor during litigation).  Thus, producing the information demanded in Request No. 2 will place a substantial burden on Dr. Kantsevoy and his patients that far outweighs the likely benefit.[3]

LumenR cannot overcome that hefty burden with a naked assertion that private patient medical data "go to the heart" of the case, especially when its only express challenge involves a request for production concerning the existence and content of a contract between LumenR and Dr. Kantsevoy.  Accordingly, the Court should deny the Motion to Compel because the information sought by LumenR is irrelevant or, in the alternative, disproportionate.

---

[3]   Given these facts, the Motion to Compel would also fail *vis-à-vis* Document Requests Nos. 3, 4, 5, 7, 9, 10, and 11 because LumenR's proposed discovery seeks irrelevant information and, alternatively, is not proportional to the needs of this case.

**B.      The Court should find that Dr. Kantsevoy need not produce completed
clinical trial data sheets and other private medical information belonging to
his patients in response to Request No. 13 or, in the alternative, require
LumenR to post a bond to protect Dr. Kantsevoy from the consequences of
an inadvertent leak of those documents.**

The second section of LumenR's Motion to Compel addresses only Document Request
No. 13.  LumenR insinuates that Dr. Kantsevoy failed to produce any documents in response to
Request No. 13.  But that is not so.  As was made clear during the meet-and-confer process,
Dr. Kantsevoy produced documents in response Request No. 13 on May 25, 2017—*i.e.*, a week
before LumenR filed its Motion to Compel—including pretty much every document to or from
the Mercy Hospital Institutional Review Board.  Mem. in Supp. of Mot., p. 6.

Accordingly, once again, the only documents at issue here are those containing private
medical information belonging to Dr. Kantsevoy's patients, including the "completed clinical
trial data sheets" referenced in paragraph 19 of LumenR's Counterclaim.  Thus, the Court's
analysis should focus on whether those completed clinical trial data sheets and other private
medical information is probative of, and proportional to, the issues addressed in Request No. 13,
which demands:  "All documents to, from, or related to the institutional review board at Mercy
Medical Center regarding LumenR or the LumenR product."

LumenR insists that it is owed the completed clinical trial data sheets because they are
relevant to the contract and quasi-contract claims brought in this case.  Mem. in Supp. of Mot.,
p. 6.  But the Court should deny this portion of the Motion to Compel because LumenR's
discovery is disproportionate to the needs of this case.  Discovery is disproportionate when it is
unimportant to resolving factual disputes at issue in a case, and when the burden or expense of
responding to the discovery will likely outweigh it benefits.  *See* Fed. R. Civ. P. 26(b)(1).

Here, LumenR insists it needs the completed clinical trial data sheets because:

> LumenR's counterclaims include a claim that Dr. Kantsevoy is improperly withholding evaluation forms from clinical trial testing that was allegedly conducted by Dr. Kantsevoy.  The withheld documents may include such evaluation forms, or confirm that Dr. Kantsevoy did not actually complete such forms.

Mem. in Supp. of Mot., p. 3.  However, access to the forms will add nothing to LumenR's case because Dr. Kantsevoy admitted that he completed the clinical trial sheets, but refused to hand them over.[4]  *See Collins v. Unum Life Ins. Co. of Am.*, Case No. 15-CV-2229, 2016 U.S. Dist. LEXIS 44238, at \*6 (N.D. Ohio Mar. 31, 2016) (denying discovery as disproportionate where the defendant admits facts targeted by the plaintiff's discovery because the plaintiff "does not show how any more discovery on this issue will significantly aid" the plaintiff's claim).  As such, there is no factual dispute in this case that the clinical trial data sheets will help resolve.  In addition, as was established above, Dr. Kantsevoy's patients have a strong privacy interest in their medical information.  *See supra*, Part III.A.  So the Court should deny LumenR's proposed discovery as disproportionate on these grounds alone.

But there is also another reason to limit discovery of the completed clinical trial data sheets in this case.  Under the contract between LumenR and Boston Scientific, LumenR will receive $5 million even if it supplies redacted versions of those completed forms to Boston Scientific:

> The Company shall close down any outstanding clinical studies and deliver to Buyer a "close out" package containing the

---

[4]   *Compare* Doc. 12, Countercl., ¶ 19 ("In exchange for providing LumenR devices and technical support for Kantsevoy's clinical trial work, LumenR expected Kantsevoy to provide copies of the completed clinical trial data sheets to LumenR and to publish the results of his work, fully consistent with the practice in the industry.  Despite several requests from LumenR, Kantsevoy never provided the clinical trial data sheets."), *with* Doc. 19, Answer, ¶ 19 ("Dr. Kantsevoy admits that he possesses completed clinical data sheets from his self-sponsored clinical trials of the LumenR device.").

> applicable protocol, applicable contracts, proof of closure of the
> IRB study and proof of last payments made where applicable.

Ex. 1, Asset Purchase Agreement, Ex. C.  LumenR cannot use discovery for such non-litigation

purposes.  *See, e.g.*, Doc. 22, Stip. Protective Order, ¶ 2 ("All Discovery Materials produced by

the parties in the course of this action shall be used solely for the purpose of preparation for and

trial of this action and for no other purpose whatsoever, including but not limited to any business

purpose, and shall not be disclosed to any person except in accordance with the terms of this

Protective Order.").   So the Court should issue a protective order either providing that

Dr. Kantsevoy need not produce the completed clinical trial data sheets, or requiring LumenR's

counsel to post a bond sufficient to make Dr. Kantsevoy whole if those materials are

inadvertently leaked.

### C.   The Court should order LumenR to pay the expenses Dr. Kantsevoy incurred in opposing the Motion to Compel.

The "great operative principle" of rules providing sanctions for discovery abuse "is that

the loser pays."  *See* 8B Charles A. Wright, et al., Fed. Prac. & Proc. Civ. § 2288 (3d ed.).  Thus,

an award of costs and expenses, including attorneys' fees, is mandatory under the plain language

of Rule 37, unless the party bringing an unsuccessful motion to compel can establish that "the

motion was substantially justified or other circumstances make an award of expenses unjust."

Fed. R. Civ. P. 37(a)(5)(B).

Sanctions are necessary here.   LumenR improperly attempted to use the discovery

process to further its business objectives.  Such tactics have no place under the Federal Rules of

Civil Procedure.  Accordingly, the Court should require reimbursement of the cost and expenses,

including attorneys' fees, incurred by Dr. Kantsevoy in opposing the Motion to Compel.

## IV.     CONCLUSION

For the foregoing reasons, the Court should deny the Motion to Compel, issue an appropriate protective order, and require LumenR to pay the cost and fees Dr. Kantsevoy incurred in opposing that motion.

Respectfully submitted,

Dated:  June 16, 2017                              /s/ Michael J. Scanlon

Jeffrey A. Wolfson (Bar. No. 18114)
jeff.wolfson@haynesboone.com
Philip G. Hampton, II (*pro hac vice* 806683)
phil.hampton@haynesboone.com
Michael J. Scanlon (*pro hac vice* 806538)
michael.scanlon@haynesboone.com
HAYNES AND BOONE, LLP
800 17th Street, NW, Suite 500
Washington, DC 20006
Telephone:      (202) 654-4500
Facsimile:      (202) 654-4245

*Attorneys for Plaintiff/Counterclaim-Defendant*
*Sergey Kantsevoy, M.D.*

9

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of June, 2017, I served the foregoing document via

email on the following representatives of Defendant/Counterclaimant LumenR, LLC:

Edward Colbert (Md. Bar No. 05447)
Andrews Kurth Kenyon LLP
1350 I Street, NW
Suite 1100
Washington DC 2005
Ph. 202.662.2766
Fax 202.662.2739
edwardcolbert@andrewskurth.com

Gary Abelev (*pro hac vice* 806622)
Paul D. Ackerman (*pro hac vice* 806621)
Andrews Kurth Kenyon LLP
450 Lexington Avenue
New York, New York 10017
Ph. 212.850.2800
Fax 212.850.2929
garyabelev@andrewskurth.com
paulackerman@andrewskurth.com

/s/ Michael J. Scanlon
Michael J. Scanlon

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

# Redacted

# Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

# Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted