IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SERGEY KANTSEVOY,
*Plaintiff/Counter-Defendant*,

v.

Civil Action No. ELH-17-359

LUMENR LLC,
*Defendant/Counter-Plaintiff.*

**MEMORANDUM**

This Memorandum addresses the Motion to Appeal (ECF 61) filed by Sergey Kantsevoy, M.D., plaintiff and counter-defendant, as to discovery rulings made by U.S. Magistrate Judge Beth Gesner. It is supported by a Memorandum. ECF 61-1 (redacted); ECF 62 (sealed) (collectively, "Motion"). LumenR responded in opposition to the Motion. ECF 72 (redacted); ECF 70 (sealed) (collectively, "Opposition"). Kantsevoy replied. ECF 85 (redacted); ECF 86 (sealed) (collectively, "Reply"). No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I shall deny the Motion.

I. **Factual Background**

The facts set forth below are limited to those pertinent to the Motion.

Dr. Kantsevoy is a gastroenterologist in Baltimore. ECF 1, ¶ 4. Defendant LumenR LLC ("LumenR") is a medical device company, headquartered in California. *Id.* ¶ 5.[1] Kantsevoy filed suit against LumenR in February 2017, alleging breach of express and implied contracts and related claims. *See* ECF 1. Plaintiff alleges that he provided consulting and other services to LumenR with regard to the development and testing of a medical device, for which he has not

---

[1] Defense counsel has sometimes identified defendant as LumenR**,** LLC. *See*, *e.g.*, ECF 25 at 1.

been fully paid. *Id.* ¶¶ 14-20. According to Kantsevoy, LumenR agreed to provide him monetary compensation, as well as an equity stake in LumenR. *Id.* ¶ 12. LumenR contests, *inter alia*, the existence of the equity portion of the contract. ECF 12 (Answer and Counterclaims), ¶ 12.

## II. Discovery Dispute

Part of the work for which Kantsevoy claims compensation is due and owing to him involved his completion of 50 evaluation forms and data sheets related to a clinical trial of a particular medical device. ECF 61-1 at 11. Kantsevoy alleges that this work took 45 hours, and that LumenR should compensate him at the rates agreed to in the alleged contract. *Id.*

LumenR moved to compel production of these forms and data sheets (ECF 34-1), asserting that their content is relevant to the determination of the nature and adequacy of Kantesvoy's work under the alleged agreement. *Id.* at 8. Kantesvoy contested the request on several grounds. ECF 35 (sealed).[2] First, he contended that the information in the forms is irrelevant "or, in the alternative, disproportionate" to the case. *Id.* at 5-6. Second, he suggested that LumenR requested the data sheets so LumenR could turn them over to a third party, Boston Scientific, which had purchased the medical device in question from LumenR, in order to receive a substantial payment on its purchase contract. *Id.* at 8-9. He also raised concerns about the confidentiality of the patients' data contained in the data sheets. *Id.* at 5-6.

In July 2017, I referred the case to Judge Gesner for resolution of discovery disputes. ECF 37. In an Order of July 26, 2017 (ECF 48), she credited both LumenR's contention as to the relevance of the documents and Kantsevoy's concern about the unauthorized disclosure of information. *Id.* at 5-6. As to the patient information, Judge Gesner noted that a Stipulated

---

[2] An unsealed version of this document was not submitted to the Court.

Confidentiality Order should be sufficient to protect sensitive data. *Id.* at 6. As to Kantsevoy's concern about disclosure of the forms to Boston Scientific, Judge Gesner recognized the risk as legitimate, but said that "without more, the court cannot conclude that the existence of the purchase agreement on its own justifies denying defendant access to highly relevant discovery." *Id.* Thus, Judge Gesner ruled that Kantsevoy must produce the forms and data sheets, but that appropriate documents could be designated as confidential or for "attorneys' eyes only," in order to protect sensitive information. *Id.*

Thereafter, Kantsevoy noted his appeal from Judge Gesner's ruling. ECF 61-1.[3] His objections on appeal tread the same ground as his earlier objections, though perhaps with heavier boots. In the Motion's "Factual Background" section, Kantsevoy discusses his concern that defendant will provide the forms to Boston Scientific (*id.* at 5-6), and he mentions this view again in his "Argument" section. *Id.* at 12. Similarly, plaintiff opposes the discovery because "electronic copies of [the private patient] data may be susceptible to cyber-attacks and accidental reproduction if produced in electronic format." *Id.* at 2 n.4.

In addition, Kantsevoy argues that the forms and data sheets are irrelevant. *Id.* at 8. Specifically, Kantsevoy contends that the products of his clinical work are irrelevant because they are not the basis of his claim for equity compensation. *Id.* at 9. Moreover, he asserts that LumenR has already conceded that Kantsevoy completed the forms, and the forms themselves are not necessary for LumenR to be able to cross-examine Kantsevoy as to his work. *Id.* at 9-12.

---

[3] LumenR notes that despite Judge Gesner's Order, Kantsevoy has still not produced the compelled documents. ECF 70 at 4 n.1. As LumenR states, this constitutes a violation of Local Rule 301.5 ("Unless otherwise ordered . . . the filing of objections to the magistrate judge's order shall not operate as a stay of any obligation or deadline imposed by the order.")

Finally, Kantsevoy offers a compromise: "If the Court requires production, it should allow Dr. Kantsevoy to produce the documents for inspection at his counsel's offices," rather than risking inadvertent disclosure by actually handing over the forms. *Id.* at 12.

### III. Discussion

Fed. R. Civ. P. 72(a) provides that, within fourteen days, a party may object to a magistrate judge's ruling on non-dispositive matters, such as discovery orders. *Id.*; *see* 28 U.S.C. § 636(b)(1)(A); Local Rule 301.5(a); *Tafas v. Dudas*, 530 F. Supp. 2d 786, 792 (E.D. Va. 2008). Rule 72(a) provides that the district court should only overrule the magistrate judge if the order objected to is "clearly erroneous or is contrary to law." *Id.*; *see Buchanan v. Consol. Stores Corp.*, 206 F.R.D. 123, 124 (D. Md. 2002).

"Under the clearly erroneous standard, the reviewing court is not to ask whether the finding is the best or only conclusion permissible based on the evidence. Nor is it to substitute its own conclusions for that of the magistrate judge. Rather, the court is only required to determine whether the magistrate judge's findings are reasonable and supported by the evidence." *Huggins v. Prince George's Cnty.*, 750 F. Supp. 2d 549, 559 (D. Md. 2010) (citations omitted). Of import here, "[i]t is not the function of objections to discovery rulings to allow wholesale relitigation of issues resolved by the magistrate judge." *Buchanan*, 206 F.R.D. at 124. Indeed, "it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge." C. Wright & A. Miller, 12 *Federal Practice and Procedure Civil* § 3069 (2d ed.).

In my view, far from containing clear error, Judge Gesner's Order (ECF 48) is entirely reasonable, sound, well founded, and supported by fact and law.

Judge Gesner carefully considered Kantsevoy's concerns. She recognized that the value of the information to Boston Scientific "does create a more discrete risk of improper disclosure," but she decided that this risk alone did not outweigh the interests in discovery, especially given the availability of an "attorneys' eyes only" designation. ECF 48 at 6. In regard to the disclosure of private patient data, as she noted, "the standard practice in this district is to require the parties to address confidentiality and privacy concerns through the court's Stipulated Confidentiality Order." *Id.*

In his Motion, plaintiff offers no reason to second guess Judge Gesner's ruling on these questions. Instead, he centers his argument on the relevance of the information requested, and asserts that "factual inaccuracies in LumenR's argument led to the issuance of a clearly erroneous Order." ECF 61-1 at 8.

However, Judge Gesner's finding that the evaluation forms and data sheets are relevant was not clearly erroneous. Fed. R. Civ. P. 26(b)(1) provides: "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." As then-Magistrate Judge Grimm wrote in *Johns Hopkins Univ. v. Datascope Corp.*, No. WDQ-05-759, 2007 WL 1450367, at *1 (D. Md. May 16, 2007), "although relevance is not defined by Rule 26(b)(1), the definition in Fed. R. Evid. 401 is useful—whether the information has any tendency to make a fact that is of consequence to the litigation more probable or less probable than it would be without it."

In his Motion, as in his opposition to the motion to compel, Kantsevoy makes three arguments that the documents are irrelevant, or at least insufficiently relevant to justify their production: (1) Kantsevoy does not seek equity compensation for his clinical work, and therefore

his clinical work is not relevant (ECF 61-1 at 9-10); (2) LumenR has conceded that Kantsevoy completed the forms, so production of the forms is unnecessary (*id.* at 10); and (3) LumenR does not need the forms to cross-examine Kantsevoy about his performance. *Id.* at 11-12.

Although Kantsevoy may not be seeking *equity* compensation for his clinical work, he is seeking compensation. *Id.* at 11 ("[T]he only recovery Dr. Kantsevoy seeks for this clinical work is the hourly fees he is owed under the contract.").[4] Kantsevoy's fallback argument is that LumenR promised to pay him at an hourly rate *regardless* of whether he adequately completed the forms, so long as he claims to have spent time on them. ECF 85 at 9. Plaintiff is welcome to pursue this line of argument at trial. For purposes of discovery, however, whether Kantsevoy adequately completed the forms could easily be viewed as relevant to his claim for breach of contract.

In his next argument, Kantsevoy contends that "since LumenR admitted in the pleadings that Dr. Kantsevoy (1) conducted the human clinical trials, and (2) completed the evaluation forms and data sheets, discovery relating to those issues is unnecessary." ECF 61-1 at 10 (footnotes omitted). Understandably, LumenR responds with confusion: "LumenR is not admitting in this allegation that Kantsevoy actually completed any forms, or if so, how many forms, or that he did so in an acceptable manner. . . . Instead, LumenR alleged, based on Dr. Kantsevoy's statements, that Kantsevoy completed the clinical trial data forms, and that he should have provided those completed forms to LumenR." ECF 72 at 12.

In his Reply, Kantsevoy attempts to twist defendant's statement, quoted above, to establish that "LumenR argues itself out of court." ECF 85 at 11. Kantsevoy inserts part of a block quote from the Opposition; he quotes LumenR as stating: "Instead *LumenR alleged . . .*

---

[4] As plaintiff has made clear, he does seek equity compensation for his non-clinical work. *See* ECF 61-1 at 3.

*that [Dr.] Kantsevoy completed the clinical trial data forms*, and that he should have provided those completed forms to LumenR." *Id.* (emphasis and alteration in Kantsevoy's Reply). In doing so, Kantsevoy implies that LumenR made an admission of fact. But, he has omitted a key portion of the quotation.

Specifically, Kantsevoy chose to omit from the quotation the following italicized portion: "LumenR alleged, *based on Dr. Kantsevoy's statements,* that Kantsevoy completed the clinical trial data forms, and that he should have provided those completed forms to LumenR." ECF 72 at 12 (emphasis added). Kantsevoy's strategically placed ellipsis could have misled the Court.

Regardless, plaintiff's argument has no merit. Even if LumenR had in fact conceded that Kantsevoy completed the forms, and even if LumenR's CEO had in fact witnessed some of the clinical trials (ECF 61-1 at 10), the evaluation forms and data sheets could still be viewed as relevant to the scope and adequacy of Kantsevoy's performance under the alleged contract. Judge Gesner's conclusion is not clearly erroneous.

As for plaintiff's contention that LumenR need not see the forms in order to cross-examine Kantsevoy about the forms (*id.* at 11-12), the argument is practically self-refuting. LumenR is not required to take Kantsevoy at his word that the content or completeness of the forms is irrelevant. Rather, the burden is on

> the resisting party to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption of broad discovery.

*United Oil Co. v. Parts Assocs., Inc.*, 227 F.R.D. 404, 412 (D. Md. 2005). *See also Brey Corp. v. LQ Mgmt., L.L.C.*, No. 11-CV-00718-AW, 2012 WL 3127023, at *4 (D. Md. July 26, 2012); *Desrosiers v. MAG Indus. Automation Sys.*, LLC, 675 F. Supp. 2d 598, 601 (D. Md. 2009).

Judge Gesner correctly found that plaintiff had not met this burden, because "the information sought is relevant to determining the scope of plaintiff's alleged performance under the agreement." ECF 48 at 6.

Kantsevoy's suggestion that the documents be displayed only at his counsel's offices (ECF 61-1 at 12) is likewise unwarranted. He has not established the need for such an arrangement, and I shall not amend Judge Gesner's well-considered Order to provide for it.

## IV. Conclusion

As noted, Judge Gesner's Order was well reasoned, fair, and not clearly erroneous. Therefore, the relief requested in the Motion is DENIED. Plaintiff shall promptly produce the information, consistent with Judge Gesner's Order.

An Order follows, consistent with this Memorandum.

Date: October 6, 2017

/s/
Ellen Lipton Hollander
United States District Judge